UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHANIEL COUSART,

    Plaintiff,

    v.

METRO TRANSIT POLICE CHIEF,

    Defendant.

Case No. 14-cv-01461 (CRC)

**OPINION AND ORDER**

    Plaintiff Nathaniel Cousart alleges that a transit police officer arrested him in July 2010 for selling cigarettes without a license, but that the subsequent criminal case filed in the Superior Court of the District of Columbia was dismissed without prosecution.[1] In this *pro se* civil action, Cousart seeks the return of his personal property described as "$300," as well as "the cost of [his] cigarettes (3) or (4) pack of Newport" and litigation costs. Compl. at 1–2.

    The sole defendant, Metro Transit Police Chief, moves to dismiss on the alternative grounds that the Police Chief is "a title" incapable of being sued or that the Police Chief is immune from suit. Def.'s Mot., ECF No. 8. In addition, defendant contends that the claim "sounding in negligence" is barred by the District of Columbia's three-year statute of limitations.[2] Def.'s Mem. of P. & A. at 1. Although plaintiff was informed about the consequences of filing an improper

---

[1] See District of Columbia v. Cousart, 2010 CDC 014147 (D.C. Super. Ct. Oct. 25, 2010) (dismissing charge upon government's entry of *nolle prosequi* due to plaintiff's successful completion of a diversion program).

[2] "A motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint." Hammel v. Marsh USA Inc., ___ F. Supp. 3d ___, 2015 WL 525765, at *3 (D.D.C. Feb. 10, 2015) (citing cases). Plaintiff indicates in the complaint filed in August 2014 that he was incarcerated for a parole violation from 2010 until 2013. See Compl. at 1 and Compl. Attach. at 1. Under District of Columbia law, imprisonment tolls the time for bringing an action until the "disability is removed." D.C. Code § 12-302(a)(3). Consequently, dismissal on this ground would be improper since it is not apparent from the complaint that this case is time-barred.

response to defendant's motion, <u>see</u> Order, Dec. 12, 2014, he has not addressed any of defendant's arguments for dismissal in the document construed as his opposition, ECF No. 10.[3]  As explained in the Court's prior order, the Court may "treat as conceded any unopposed arguments defendant has advanced in support of the motion to dismiss." Order, Dec. 12, 2014.  Accordingly, because Cousart has not responded to the Police Chief's reasons to dismiss the case, the Court will treat these contentions as conceded and dismiss this case.

All hope is not lost for Cousart, however.  Under D.C. Superior Court Rule of Criminal Procedure 41(g), he can move in the Superior Court for the return of property seized as part of a criminal action.  The D.C. Superior Court also has jurisdiction to hear a civil action for the return of property seized in a case that was "disposed of by *nolle prosequi*."  <u>Alleyne v. United States</u>, 455 A.2d 887, 888–89 (D.C. 1983).

For the forgoing reasons, it is hereby

**ORDERED** that Defendant Metro Transit Police Chief's Motion to Dismiss is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED**.

This is a final appealable Order.

**SO ORDERED.**

---

[3]  Instead of opposing the Police Chief's motion, Cousart has requested that the Court provide him with an attorney.  "[T]here is no constitutional right to appointment of counsel in a civil case[.]" <u>Brown v. Children's Nat'l Med. Ctr.</u>, 773 F. Supp. 2d 125, 140 (D.D.C. 2011) (internal quotation marks and citations omitted).  The Court has discretion to appoint counsel to represent an indigent *pro se* party.  28 U.S.C. § 1915.  In determining whether to appoint counsel, the Court considers (1) the nature and complexity of the action; (2) the potential merits of the claim; (3) the *pro se* litigant's demonstrated inability to retain counsel; and (4) the interests of justice.  LCvR 83.11(b)(3).  Reviewing these factors, the Court determines that appointment of counsel is not warranted.  In particular, the Court concludes that the case is not complex; the plaintiff has not demonstrated his inability to retain counsel; and the interests of justice would not be furthered by use of the limited resources of the *pro bono* panel in this case.

                                                                                                                           _____
                                                                                                                           CHRISTOPHER R. COOPER
                                                                                                                             United States District Judge

Date:   April 28, 2015